NJProb 12C/D
(6/23)

# United States Probation Office
## United States District Court
## for the District of New Jersey

### Petition for Summons or Warrant for Individual under Supervision

August 2, 2023

**Name of Individual Under Supervision:** Luis Camino  **Docket Number:** 17-00317M-001
**Reg. Number:** 70113-050                              **PACTS Number:** 3801903

**Name of Judicial Officer:**  THE HONORABLE LEONIA M. BRINKEMA        21-cr-676(ZNQ)
                               UNITED STATES DISTRICT JUDGE (ED/VA)

                               THE HONORABLE ZAHID N. QURAISHI
                               UNITED STATES DISTRICT JUDGE (JURISDICTION TRANSFERRED 9/3/21)

**Original Offense:** Conspiracy to Distribute Cocaine, 21 U.S.C. §§ 846, 841(a)(1) and 851

**Original Sentence:** Imposed on 01/12/2018; Imprisonment – 120 Months: Supervised Release – 6 Years

**Current Custodial Status:** At liberty

**Special Conditions:** Drug Testing/Treatment; Mental Health Treatment

**Date Supervision Commenced:** 04/07/2021     **Date Supervision Expires:** 04/06/2027

**Assistant U.S. Attorney:** To Be Assigned, 402 East State Street, Room 430, Trenton, New Jersey 08608, (609) 989-2190

**Defense Attorney:** To Be Assigned, Federal Defenders Office, 22 South Clinton Ave., Station Plaza #4, 4th Floor, Trenton, New Jersey 08609, (609) 989-2160

---

**PETITIONING THE COURT:**

☐ To issue a warrant
☒ To issue a summons
☐ To amend a previously filed petition

**THE COURT ORDERS:**

☐ The Issuance of a Warrant. *THIS DOCUMENT SHALL BE SEALED UNTIL ARREST OF THE INDIVIDUAL UNDER SUPERVISION*.

☒ The Issuance of a Summons (as recommended by Probation).
Date and time of initial appearance: 8/28/2023 at 2:30pm  in Courtroom  7E  before Judge J. Brendan Day.

☐ The petition dated _____ and filed with the Court on _____ is HEREBY AMENDED.

☐ No Action.

☐ Other.

_____          8/7/2023
Signature of Judicial Officer                Date

**COURT ACTION TO DATE:**

On October 1, 2021, the court modified Mr. Camino's special conditions to include Mental Health Treatment at the recommendation of the Probation Office due to Mr. Camino's mental health history and positive marijuana urinalysis he submitted. He also disclosed he was having difficulties sleeping due to his Post Traumatic Stress Disorder (PTSD).

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

On June 10, 2023, the undersigned officer received notification from the Piscataway Police Department that Luis Camino was arrested. According to the police report, at approximately 0200 hours, Piscataway police conducted a motor vehicle stop of Mr. Camino's car as it was observed committing a traffic infraction while traveling southbound on Rock Avenue in Piscataway, New Jersey. During the motor vehicle stop, the officer noted there were three occupants in the vehicle, which included Mr. Camino as the driver. When the officer spoke to Mr. Camino, he noticed him nervous as Mr. Camino was moving his leg rapidly and continued to mention that he owned a food truck. The officer saw the front passenger, later identified as Aneesha Rosado, had a bundle of small plastic bags stored in her center chest area. He also observed Mr. Camino has a clear glass pipe with wool in it protruding from Mr. Camino's left front pocket. The officer recognized the clear glass pipe is typically used to smoke crack-cocaine. When backup officers arrived at the traffic stop, they saw that there was a small, clear plastic bag inside a larger plastic bag near Ms. Rosado's feet. After multiple requests from the officers to surrender the bags were ignored, they ordered Ms. Rosado to step out of the vehicle and detained her. While searching her, they removed the bundle of plastic bags from her chest area and noted that the bags contained a white, powdery substance suspected to be cocaine. She was handcuffed, searched, and taken away, later charged with numerous narcotics-related crimes. The bags were later counted and totaled to be forty-three (43) bags of suspected cocaine.

Mr. Camino was then ordered to step out of the vehicle. He became confrontational, yelling at the officers and aggressively shaking his leg. The rear-seated passenger, later identified as Marcela Rodriguez, also stepped out of the vehicle. A search of the vehicle yielded the following items: four (4) iPhones, one (1) bag containing a yellow pill of suspected ecstasy, one (1) small bag containing a white powdery substance suspected to be cocaine, seven (7) bundles of U.S. currency totaling $7,930. All the items were found in the center console of the vehicle. Mr. Camino was handcuffed and transported to the Piscataway Police Department where he was charged with two counts of Possession CDS/Analog - Schedule I, II, III, IV (3rd Degree) and Use/Possession with Intent to Use Drug Paraphernalia (S-2023-000370-1217). Mr. Camino was released on his own recognizance and the case is pending in Middlesex Municipal Court as it was referred to a prosecutor for review and there is no future court date set.

The Probation Office has determined this conduct constitutes a **Grade A violation.**

> 2    The individual under supervision has violated the mandatory supervision condition which states **'You must not unlawfully possess a controlled substance.'**
>
> Due to the nature of the charges listed in Violation #1, Camino was in possession of a controlled substance.
>
> The Probation Office has determined this conduct constitutes a **Grade C violation.**

**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

During a subsequent office visit on July 13, 2023, the undersigned officer asked Mr. Camino what happened during his recent arrest for possession of CDS and drug paraphernalia. Mr. Camino explained on the night of his arrest, he had finished working at his food truck and was out bar hopping with his friend Aneesha Rosado. He said the last bar he was at was Torpedo's Gentlemen's Club in Bound Brook, New Jersey. Mr. Camino said they met a stripper/bartender named Marcella Rodriguez and while he was driving to a motel to have sex with both women, he was stopped by the Piscataway Police Department. Mr. Camino explained he had a water pipe with Clorox test strips which were to test water on the food truck. He also said all the money found by the police were the week's earnings from the food truck business and he denied he was selling drugs. Mr. Camino said Aneesha had over 40 small bags of cocaine she was going to use with Marcella prior to having sex. When USPO questioned how they would use all the bags, he said the bags were small and could be used in one night. Mr. Camino also denied he had another cell phone, stating two of the cell phones belonged to Aneesha and Marcella while the other two cell phones were his but one of them was his old broken phone he kept in his car. Mr. Camino denied he was using or distributing CDS.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Luis Camino is facing a maximum statutory penalty of three years imprisonment.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

18 U.S.C. §§ 3583(g)(1), (3) and (4) provide for mandatory revocation of supervised release for possession of a controlled substance or for refusal to comply with drug testing imposed as a condition of supervised release. Additionally, revocation of supervised release is mandatory if the individual under supervision, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year. The court will require the individual under supervision to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). According to 18 U.S.C. § 3583(d), the court will consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against an individual under supervision who fails a drug test.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of VI and a Grade A violation, the individual under supervision faces a guideline range of 33 to 41 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 21 to 27 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 8 to 14 months custody.

Upon a finding of a Grade A or B violation, pursuant to USSG § 7B1.3(a)(l), the court will revoke supervised release.

Upon a finding of a Grade C violation, pursuant to USSG § 7Bl.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Pursuant to USSG § 7B1.1, Application Note #1, and 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the individual under supervision not commit another federal, state or local crime. A violation of this condition may be charged whether or not the individual under supervision has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the individual under supervision is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the actual conduct of the individual under supervision.

Pursuant to USSG § 7B1.3(c)(1), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Pursuant to USSG § 7B1.3(c)(2), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the

minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

Pursuant to USSG § 7B1.3(c)(3), in the case of a Grade B or C violation and a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

Pursuant to USSG § 7B1.3(e), where the Court revokes probation or supervised release and imposes a term of imprisonment, it will increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under Title 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.

Pursuant to USSG § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release will be ordered to be served consecutively to any sentence of imprisonment that the individual under supervision is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Pursuant to USSG § 7B1.5(b), upon revocation of supervised release, no credit will be given toward any term of imprisonment ordered for time served on post-release supervision.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

By: SANTIAGO A. CORNEJO, JR.
U.S. Probation Officer

/ sac

APPROVED:

8/7/2023

STEVEN ALFREY                Date
Supervising U.S. Probation Officer

# APPENDIX
Statutory and guideline exposure

VIOLATION GRADE: A
CRIMINAL HISTORY CATEGORY: VI

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | 3 years | 5 years |
| SUPERVISED RELEASE: | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 33 to 41 months (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: B
CRIMINAL HISTORY CATEGORY: VI

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | 3 years | 5 years |
| SUPERVISED RELEASE: | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 21 to 27 months (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE: C
CRIMINAL HISTORY CATEGORY: VI

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | 3 years | 5 years |
| SUPERVISED RELEASE: | Up to life (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 8 to 14 months (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |